FRANK A. DOYLE

*v.*

THE VILLAGE OF BRADFORD.

1. JUDICIAL NOTICE—*of the incorporation of village under general law.* Where a town previously organized under a special act assumes and is acting as a village, which it can only do under the general law for the incorporation of cities and villages, and the evidence shows it assumed to act as a village in the passage of ordinances, and in the bringing of suits in its corporate village

name, this will be sufficient to enable this court to take judicial notice of its organization under the general law, without proof that all the requirements of the statute have been complied with.

2. PRACTICE—*specific objection to evidence.* Where the proof showed that a village ordinance was, within five days after its passage, posted in three public places in the village, there being no evidence that there was no newspaper published in the village at the time, and the ordinance was objected to generally on the trial, it was *held*, that the objection it was not published in a newspaper could not avail in this court, as, if made below, it might have been obviated by showing no such paper was published in the village.

3. An objection to an ordinance, in this court, for the first time, that it does not appear it was passed by calling the ayes and noes, where the record of the village trustees was not offered in evidence, can not avail the party objecting.

APPEAL from the Circuit Court of Stark county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. J. J. HERRON, for the appellant.

Mr. B. F. THOMPSON, and Mr. JAMES H. MILLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover of defendant a penalty imposed for the violation of a village ordinance regulating the sale of intoxicating liquors. On the trial, both before the justice of the peace and in the circuit court, defendant was found guilty, and judgment rendered against him for $50, and to reverse the judgment of the latter court he brings the case to this court on appeal.

Unless the village is organized under the general incorporation act of 1872, it is conceded it had no authority to pass the ordinance that imposed the penalty sought to be recovered, and as the record contains no express averment to that effect, it is said this court can not take judicial notice of its organization under the general law.

The statute makes it the duty of all courts in this State to take judicial notice of the existence of villages and cities or-

ganized under the general law, and of the change of the organization of any town or city from its original organization to its organization under that act. In *Brush* v. *Lemma*, 77 Ill. 496, it was declared that before this court could take judicial notice of the change of any city or town from its original organization to its organization under the general law, it must in some way appear in the record that the city or its authorities are acting under such new organization, and when that fact is once made to appear, the court, without proof that all the requirements of the statute have been complied with, will take judicial notice of its organization under this statute. It is apprehended it can make no difference how that fact is made to appear. All matters generally known will be deemed to be within the knowledge of courts,—such as the names of counties in the State, and whether they are acting under township organization or not. In the case cited there was a special, public law, of which the court was bound to take judicial notice, under which the city was originally organized. The single fact, an election had been held and two persons were contesting the right to the office of mayor, was not regarded as such action as would indicate the inhabitants were acting under the general incorporation law. Such an election for such an office could, with equal propriety, have been held under the special law under which the city may have been acting, and hence that circumstance alone was not thought to be sufficient to "excite inquiry" or "arouse judicial notice, the city, as a matter of fact, had changed its organization from under the special to the general law."

But that is not the case here. There was a special law under which the "town of Bradford" could be and no doubt was organized, but there was no law other than the act of 1872 under which it could be organized as a village. It could only be a village under the general incorporation act. Evidence is found in the record it has assumed to act as a village incorporation in the passage of ordinances and the bringing of suits in its corporate name, and it appears the offense of which de-

fendant was convicted was committed within the corporate
limits of the "village of Bradford." This is certainly evidence
of the existence of the village of Bradford, and as it is known
there is no such village under any special law of the State, it
must be under the general law; and, as was said in *Brush* v.
*Lemma*, without proof that all the requirements of the statute
have been complied with, judicial notice will be taken of the
change of its organization under the general law.

The ordinance under which defendant was fined was, within
five days after its passage, posted in three "public places" in
the village. That is all the publication that was made of the
ordinance so far as the record discloses. Primarily the re-
quirement of the statute is, all ordinances of any city or village
imposing any penalty or punishment shall, within one month
after passage, be published at least once in a newspaper pub-
lished in such city or village; but if no newspaper is published
therein, then the publication of such ordinances may be made
by posting in three public places in the city or village. A
general objection to reading the ordinance in evidence was
made by defendant, and was by the court overruled, to which
ruling an exception was saved. It is now insisted it was not
lawful to publish the ordinance simply by posting unless no
newspaper was published in the village, and that such fact
necessary to authorize the publication of the ordinance by
posting must appear from the clerk's certificate, or otherwise,
before the ordinance can take effect. Had the objection now
made in argument been made in the court below, the clerk
might have been able to amend his certificate so as to show
no newspaper was then published in the village, or the fact
might have been made to appear by other proof that no news-
paper was published in the village, and in that event the
publication of the ordinance by posting was valid. But the
objection was not specifically urged, and the prosecution was
afforded no opportunity to supply the necessary proof.

The same may be said as to the other point made, that it
does not appear, from the record, the ordinance was passed by

calling the ayes and noes.   The journal of the village trustees was not introduced by either party, and we can not know what it shows upon the question made.

·   The judgment must be affirmed.

*Judgment affirmed.*