120  667
63a 237
120    667
107a 4 38

The Chicago and Eastern Illinois Railroad Company

*v.*

The People, for use of Frederick Tilton.

*Filed at Springfield May 12, 1887.*

1. Railroads—*excess of speed in a city, in violation of ordinance— conditions to a recovery of the penalty—frightening horses, without actual collision.* Where a railway train is run within a city at a speed in excess of that allowed by ordinance, whereby the horses of a person about to cross the railway track are frightened, and his carriage is upset, and he is injured in person and property, the company operating such train will become liable to the party so aggrieved, for the penalty provided for in section 62 of the act relating to railroads, although the train may not have struck such party or his horses or carriage.

2. In an action to recover of a railway company the penalty given by section 62 of the Railroad act, it is not necessary for the plaintiff to show that he was injured by actual collision with the train running at a greater speed than allowed by law. It is sufficient for a recovery, to show that the train was run faster than it was allowed by ordinance, and that in consequence thereof he was aggrieved, by the frightening of his team.

3. Same—*former decision, distinguished.* In such a case, the penalty is given for the violation of the statute, and the action is not brought to recover for "damages done to the person or property" by a "locomotive engine or car," and hence the case of *Schertz* v. *Indianapolis, Bloomington and Western Railway Co.* 107 Ill. 577, which was brought to recover for an injury to stock under the statute requiring the road to be fenced, has no application.

4. Practice—*objection to evidence—when the specific objection must be made.* On the trial of a case, a city ordinance admitted in evidence was objected to, generally. On appeal to this court, it was urged that there was no proof that it was ever published, or that it was an ordinance of the city: *Held,* that the specific objections came too late.

5. Error will not always reverse—*as to instructions.* An instruction which contains nothing prejudicial to the defence interposed, or calculated to mislead the jury, although it may not be strictly accurate in some of its expressions, will not require a reversal.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. James F. Hughes, Judge, presiding.

Mr. William Armstrong, for the plaintiff in error:

This action was brought under section 87, chapter 114, of the Revised Statutes of 1885. Under that section the action does not lie, for the reason no injury is shown by actual collision or contact with any train, locomotive engine or car. The statute is penal, and should be strictly construed. This court has held, in respect to section 62 of the same chapter, relating to fencing, and which is almost identical with this section, that no recovery could be had for frightening an animal. *Schertz* v. *Railway Co.* 107 Ill. 577; *Railroad Co.* v. *Haskell,* 10 Ind. 409; *Lafferty* v. *Railroad Co.* 44 Mo. 291.

The accident was not the result of the speed of the train, but was attributable to Tilton's negligence, and therefore no recovery can be had. *Railroad Co.* v. *Hetherington,* 82 Ill. 516; *Railway Co.* v. *Hatch,* 79 id. 137.

There was no proof that the ordinance was ever published, or that it was an ordinance of the city. Proof was necessary that it was in force at the time of the injury. *Railroad Co.* v. *Engle,* 76 Ill. 317.

Mr. H. M. Steely, and Mr. F. Bookwalter, for the defendant in error:

It is gross negligence on the part of a railroad company to run its trains through a town at a rate of speed prohibited by law. *Railroad Co.* v. *Becker,* 84 Ill. 483; *Railroad Co.* v. *Engle,* id. 397; *Railroad Co.* v. *Stumps,* 69 id. 409; *Railroad Co.* v. *Lee,* 87 id. 454; *Railroad Co.* v. *Henks,* 91 id. 406; *Railway Co.* v. *Zoffinger,* 107 id. 199; *Railroad Co.* v. *Peyton,* 76 id. 340; *Railroad Co.* v. *Deacon,* 63 id. 91.

It was the duty of appellant to cause a bell to be rung or a whistle sounded continuously as they approached the crossing. (See sec. 68, chap. 114, Rev. Stat. 1885.) If this contributed to the injury of appellee, or by its use might have prevented it, the company is liable. *Railway Co.* v. *Jones,* 76 Ill. 311;

*Railroad Co.* v. *Benton,* 69 id. 174; *Railroad Co.* v. *Siltman,* 88 id. 529; *Railroad Co.* v. *Modglin,* 85 id. 481.

It was negligence in appellant to suffer the hedge to grow upon its right of way, obstructing the view of approaching trains. *Railroad Co.* v. *Hillmer,* 72 Ill. 235; *Railroad Co.* v. *Smith,* 78 id. 112; *Dimick* v. *Railway Co.* 80 id. 338; *Railroad Co.* v. *Siltman,* 88 id. 529; *Railroad Co.* v. *Payne,* 59 id. 541.

Witnesses for appellant being employes, all stand in the position of persons more or less accountable for the injury, and the jury are justified in giving their testimony less weight than that of others. *Railroad Co.* v. *Triplett,* 38 Ill. 484; *Railroad Co.* v. *Cauffman,* 38 id. 427.

Mr. Chief Justice Scott delivered the opinion of the Court:

This action was brought in the name of the People of the State of Illinois, for the use of Frederick Tilton, against the Chicago and Eastern Illinois Railroad Company, to recover a penalty imposed by the act of 1877, amendatory of section 62, of chapter 114, of the Revised Statutes of 1874. On the trial in the circuit court, plaintiff recovered a judgment for $100, which was affirmed in the Appellate Court for the Third District, and defendant brings the case to this court on error.

Concerning some of the facts, no controversy existed at the trial, and all controverted facts, of course, have been settled by the verdict, and judgment of the Appellate Court. It seems the party for whose use this suit was brought, was about to pass over defendant's road at a point where the track crosses a street in the city of Hoopeston, and just as he was about to drive upon the track, a train came along, which frightened his horses so much that they turned around suddenly and upset the carriage, causing injury to him, and his daughter that was in the carriage with him, and perhaps doing some damage to his carriage and horses. An ordinance of the city

was given in evidence, limiting the speed of trains to a rate not exceeding six miles an hour within the corporate limits, except in the case of passenger trains, providing they might be run at a rate not exceeding ten miles an hour. An objection taken to the admission of this ordinance in evidence will be noticed further on. It is alleged the train was being run at a greater rate of speed than was lawful under the ordinance, and as the evidence as to that fact is contradictory in the extreme, it will be understood it was found it was running at an unlawful rate of speed, and in the further consideration of the case that fact will be taken as fully proved, as alleged.

The section of the statute under which this suit was brought is as follows: "Whenever any railroad corporation, by itself or agents, run any train, locomotive engine or car at a greater rate of speed, in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved, for all damages done the person or property by such train, locomotive engine or car, and the same shall be presumed to have been done by the negligence of the said corporation or their agents; and in addition to such penalties as may be provided by such city, town or village, the person aggrieved by the violation of any provision of this section, shall have an action against such corporation so violating any of the provisions, to recover a penalty of not less than $100 nor more than $200, to be recovered in any court of competent jurisdiction."

The point is made, there can be no recovery, because no damage was done either to the person of the party or his property, by any "train, locomotive engine or car" of defendant,— that is, there was no actual collision. The case of *Schertz v. Indianapolis, Bloomington and Western Railway Co.* 107 Ill. 577, is cited in support of the position taken. That case holds, when the fences the statute requires shall be erected are not made as therein required, or when such fences are

not kept in good repair, such corporation is not liable for damage done to stock unless the injury is caused by actual collision or contact with the engine or cars. But the principle of that case can have no application to the case being considered. This suit was not brought to recover for "damages done to the person or property by such train, locomotive engine or car." It was brought to recover the penalty imposed for the "violation of any provision of this section" of the statute. The defendant has treated the case as one strictly to recover a penalty, otherwise this court would have no jurisdiction to hear and determine its appeal, as the sum involved is less than $1000. No claim is made for any damage done either to the person or property of the party for whose use the suit was brought. It is simply to recover the penalty imposed in favor of the party aggrieved, by a violation of a provision of this section of the statute. One provision restricted the speed of trains to a rate not exceeding that provided by ordinance of any city, town or village. The evidence tends to show defendant's train was run at a rate of speed greater than was allowable by the city ordinance in evidence, and that fact must be taken as established. The evidence also tends to show the beneficiary plaintiff was "aggrieved" by the wrongful conduct of defendant, and assuming that to be true, as must be done, the case shows a clear and palpable violation of one provision of the statute, for which an action is given.

Plaintiff offered in evidence chapter 18 of the ordinances of the city of Hoopeston, relating to railroads and railroad trains, and read, against the objection of defendant, so much as related to the speed of trains within the corporate limits. The objection taken at the trial was simply a general one. No specific objection was pointed out. It is now insisted there is no proof the ordinance was ever published, or that it was an ordinance of the city of Hoopeston. Had these specific objections been made at the trial, no doubt the proof

might have been made fuller, if any necessity existed for doing so. It is now too late to insist upon such minor objections not made in the trial court. The case of *Doyle* v. *Village of Bradford*, 90 Ill. 416, is conclusive on this branch of the case.

The criticism made upon the instruction given for plaintiff is founded upon a misapprehension of the meaning. It does not assume the existence of certain facts, as counsel seem to suppose. Conceding, as may be done, the instruction is not strictly accurate in some of its expressions, still it contained nothing that could prejudice the defence defendant was endeavoring to make, or that was calculated to mislead the jury on the true issues involved.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*