SAMUEL RITCHIE

v.

VILLAGE OF WARRENSBURG.

*Practice—Prosecution under Village Ordinance—Appeal from Justice.*

1. Although a motion appears in the record, yet where it bears no file

mark and it does not appear that it was brought to the attention of the court below, no error can be held to have been committed regarding it.

2. Where on trial in the County Court of an appeal from a justice, papers are missing which the transcript shows to have been issued by the justice, the proper practice is to issue a rule on the justice to send them up, or if they have been lost to require the plaintiffs to supply copies.

3. An objection to the admission of evidence can not be urged here, the same not having been specifically called to the attention of the trial court.

[Opinion filed November 23, 1889.]

APPEAL from the County Court of Macon County; the Hon. W. E. NELSON, Judge, presiding.

Mr. I. D. WALKER, for appellant.

Messrs. MILLS BROTHERS, for appellee.

WALL, J.   This was a prosecution begun before a justice of the peace for violation of section 17, ordinance No. 3 of the village of Warrensburg.   The defendant was fined $3 by the justice and appealed to the County Court, where upon a trial by jury he was again found guilty and the same fine was imposed.   By further appeal the case is brought here. It is urged that the court erred in not dismissing the case for the reason there was no complaint or warrant on file.   Such a motion appears in the record but it bears no file mark and it does not appear that it was ever brought to the notice of the court.   Hence there was no error committed by the court in regard to it.

The transcript from the justice of the peace shows there was a complaint for violating the section of ordinance above named, and if these papers were missing the correct practice would have been to enter a rule upon the justice to send them up or if there was reason to believe they were lost or destroyed, the plaintiffs might have been required to supply copies.

It is objected the court erred in admitting the ordinance in evidence.

The only reason suggested to the court for not permitting

the ordinance to be read, was that the complaint and warrant were not among the files. This, of course, was not a valid objection.

The transcript sufficiently showed what section of the ordinance the suit was based upon and if parties went to trial without the original complaint or a copy of it, there was no occasion to exclude the evidence, because of the absence of such papers. Nor is it competent now to urge an objection not then specifically presented to the court. Doyle v. Village of Bradford, 90 Ill. 416; Garrick v. Chamberlain, 97 Ill. 620.

The remaining objection, that the verdict is against the evidence, must also be overruled.

There was sufficient proof to warrant the jury in finding defendant guilty, and though there was conflict in this respect and though the degree of guilt was not extreme, as is attested by the small fine imposed, we are not inclined to interfere.

The judgment is affirmed.

*Judgment affirmed.*