# THE TERRE HAUTE & INDIANAPOLIS RAILROAD COMPANY

## v.

# THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Municipal Corporations—Ordinances—Breach of—Railroads—Sec. 87, Chap. 114, R. S.—Former Adjudication—Injury.*

1. A judgment against the plaintiff in an action brought to recover from a railroad company damages for injury to certain property, is a bar to a recovery by him in a subsequent suit based upon Sec. 87, Chap. 114, R. S.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Effingham County; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. BENSON WOOD and RINEHART & WRIGHT, for appellant.

Messrs. JACOB ZIMMERMAN and J. N. GWIN, for appellees.

PHILLIPS, P. J. Lydia C. Kelly brought suit against the appellant before a justice of the peace for damage caused to plaintiff's heifer by appellant's train within the limits of the village of Altamont. From the judgment of the justice of the peace the defendant, the Terre Haute & Indianapolis Railroad Company, appealed to the Circuit Court of Effingham County, where, on trial, the verdict and judgment were for the defendant. That judgment stands unreversed. After the rendition of that judgment this suit is brought by appellee against appellant under Sec. 87, Chap. 114, R. S., which section is as follows: "Whenever any railroad corporation shall, by itself or agents, run any train, locomotive, engine or car at a greater rate of speed in or through the incorporated limits of any city, town or village than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done to the person or property by such train, locomotive, engine or car, and the same shall be presumed to have been done by the negligence of said corporation, or their agents; and in addition to such penalties as may be provided by such city, town or village, the person aggrieved by the violation of any of the provisions of this section, shall have an action against such corporation so violating any of the provisions to recover a penalty of not less than $100, nor more than $200, to be recovered in any court of competent jurisdiction, said action to be an action of debt in the name of the people of the State of Illinois, for the use of the person aggrieved, but the court or jury trying the case may reduce said penalty to any sum not less than $50, where the offense committed by such violation may appear not to be malicious or wilful: Provided that no such ordi-

nance shall limit the rate of speed in case of passenger trains to less than ten miles per hour nor in any other case to less than six miles per hour."

The evidence shows that the Lydia C. Kelly, plaintiff in the former suit, is the beneficiary plaintiff in this, the same train passing through the same village, striking the same heifer at same time. The same injury is involved. The judgment in the case of Kelly v. The Terre Haute & Indianapolis Railroad Co. is set up in bar of this action. In this action plaintiff recovered a verdict for $100. By the adjudication in that case, it was adjudged that Lydia C. Kelly, the plaintiff, had no cause of action against the defendant; and if there was no cause of action existing in her favor by reason of the injury she can not be said to be aggrieved. To maintain the action under Sec. 87, the person for whose use the suit is brought must be a person aggrieved by reason of the violation of the statute, and for such violation the corporation is made liable for "all damages done the person or property" of the person so aggrieved. The person aggrieved must sustain damage to person or property. It is argued, however, that the person aggrieved may recover the penalty regardless of his right to recover damages, and the case of Chicago & Eastern Illinois R. R. Co. v. The People, etc., 24 Ill. App. 562, is cited as sustaining that position. We do not consider it necessary to decide that point farther than called upon by the facts presented by this record. In the case of Kelly v. the appellant, evidence of the speed of train, the injury, and of the ordinance and amount of damage, was offered.

In that case there was no attempt to prove negligence in any other way than by showing the injury occurred within the limits of an incorporated village and the train was running at a prohibited rate of speed. In both cases the injury is shown to be the same. In that case, as in this, the rate of speed of the train and the ordinance was material testimony. In that case, as in this, an adjudication was sought to be had, in which the court was called upon to determine whether the rate of speed was greater than that prohibited or whether there was a valid ordinance limiting the rate of speed, or whether the plaintiff

was injured in person or property. In both cases the same proportions must be determined. When determined it must be held a bar to a second suit. The relation of Lydia C. Kelly to this suit is as the beneficial plaintiff; if a recovery is had she has the entire benefit of it. The injury to her property, as an aggrieved person, must exist to authorize a recovery in the case. She therefore stands as the plaintiff in this case. When, however, she selects her form of action as an action against appellant for negligently injuring her property, and it is adjudged that she is not aggrieved by the defendant, that judgment is a bar to a recovery under Sec. 87, Chap. 114, R. S. The judgment is reversed and cause remanded.

*Reversed and remanded.*