## Wabash Railroad Company v. The People of the State of Illinois, for the use of Mary L. Elliott.

1. REMEDIES—*One Satisfaction Only.*—A party aggrieved should have but one satisfaction for his grievance, and where a controverted matter has been adjudicated in a former suit between the parties, its adjudication is conclusive of the same question in a subsequent suit.

2. SAME—*Application of the Rule.*—Where a person has recovered a judgment against a railroad company for the injuries sustained by her and the judgment has been paid, she can not recover in the name of the people for her use, the statutory penalty for running a train at a greater rate of speed than allowed by law.

Action to Recover a Penalty, under Section 87, Ch. 114, R. S. Trial in the Circuit Court of Vermilion County; the Hón. FERDINAND BOOKWALTER, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed. Opinion filed October 5, 1898.

GEO. B. BURNETT, attorney for plaintiff in error.

MABIN & CLARK, attorneys for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court. This suit was commenced to recover a penalty under Section 87, Chapter 114, Hurd's Revised Statutes, which reads as follows:

Wabash R. R. Co. v. The People.

" Whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, such corporation shall be liable to the person aggrieved for all damages done to the person or property by such train, locomotive engine or car; and in addition to such penalties as may be provided by such city, town or village, the person aggrieved by the violation of any of the provisions of this section, shall have an action against such corporation so violating any of the provisions, to recover a penalty of not less than $100, nor more than $200, to be recovered in any court of competent jurisdiction; said action to be an action of debt, in the name of the People of the State of Illinois, for the use of the person aggrieved, but the court or jury trying the case may reduce said penalty to any sum, not less, however, than $50, where the offense committed by such violation may appear not to be malicious or willful."

The case was tried in the Circuit Court without a jury, on an agreed statement of facts, and judgment rendered against appellant for $100 and costs. From the statement of facts it appears that appellant, on the 23d of December, 1896, ran its fast mail train through the village of Fairmount at a greater rate of speed than that permitted by the ordinance of the village; that Mary L. Elliott, the usee, while upon the depot platform for the purpose of taking passage on another train, was struck and injured by a mail pouch thrown from the fast mail train by a United States postal clerk; that she, in a suit brought in her own name, on the 17th of June, 1897, recovered a judgment against appellant for $800, on account of the injury, which has been paid.

As one of the grounds for reversal it is urged that the usee, having recovered a judgment for the injuries sustained by her and the judgment having been paid, she can not recover in the name of the people for her use the statutory penalty.

It is an old and familiar rule of law that a party

aggrieved should have but one satisfaction for his griev-
ance. It is equally familiar that where a controverted
matter has been adjudicated in a former suit between the
parties, its adjudication is conclusive of the same question
in a subsequent suit. The substance of the contention of
counsel for the usee is that a party aggrieved by the failure
of a railroad company to observe an ordinance limiting the
rate of speed of trains has two remedies and may have two
satisfactions for the injury done him. Certainly, before a
court would be warranted in placing such a construction
upon a statute that an aggrieved party would have two reme-
dies and could have two recoveries and two satisfactions
for the same injury, the language of the statute should
clearly and unequivocally manifest such intent.

The language of the section quoted seems to negative
rather than affirm such a construction. While it says that
"in addition to such penalties as may be provided by the
city, town or village, the person aggrieved by the viola-
tion," etc., shall have an action against the corporation for
the penalty, it does not say he shall have an action for
the penalty in addition to his right to recover, as recited in
the first part of the section. We think a more reasonable
construction to place upon the section is that it was the
intention of the legislature to give a party aggrieved by
the running of a train at a rate of speed exceeding the
rate fixed by ordinance the right to recover the penalty in
satisfaction for his injury, and to leave him to the elec-
tion of proceeding to recover the penalty in an action of
debt, in the name of the people, for his use, or of proceed-
ing in an action of trespass to recover damages. But hav-
ing exercised his election, and having recovered in one form
of action, he can not again recover in the other. In the
case of T. H. & I. R. R. Co. v. The People, etc., for the
use of Lydia C. Kelly, 41 Ill. App. 513, it was held that a
judgment against the plaintiff in an action to recover
damages for injury to certain property caused by a railroad
company's violation of a speed ordinance is a bar to a
recovery by him in a subsequent suit to recover the penalty.
The case differed from this only in that the injury was to

personal property instead of to the person, and in that the plaintiff was defeated in the action of trespass. The opinion was delivered by Mr. Justice Phillips, now one of the judges of the Supreme Court. The principle there announced, so far as we are advised, has never been questioned by the Supreme Court or any of the Appellate Courts of this State. If judgment against the plaintiff in a suit to recover damages is a bar to the recovery of the penalty, it follows that a judgment in her favor, which has been paid, is also a bar to a recovery of the penalty.

Counsel urge that " when appellant injured Mary L. Elliott, as agreed, three distinct causes of action were created under section 87 : first, a private cause of action for damages; second, *qui tam* action under the village ordinance by the village; third, an action of debt in the name of the people of the State of Illinois for her use; the one injury wronged three separate parties, each having a separate remedy; just like a person who commits a crime in a city; he may become liable for personal injury, liable to the city under its ordinances, and liable to the people for the crime committed; the satisfaction of one is not a bar to the other." The fault of the argument and illustration is that a failure on the part of appellant to observe the ordinance was not a crime, and that in a prosecution to recover this penalty the people of the State of Illinois are not interested. The relation of Mary L. Elliott to this suit is that of beneficial plaintiff. If a recovery is had she and not the people receive the benefit of it. The people are but nominal plaintiffs. The concluding words of Mr. Justice Phillips in the opinion filed by him in T. H. & I. R. R. Co. v. The People, etc., are : " She therefore stands as the plaintiff in this case. When, however, she selects her form of action as an action against appellant for negligently injuring her property, and it is adjudged that she is not aggrieved by the defendant, that judgment is a bar to a recovery under Sec. 87, Chap. 114, R. S.

The judgment will be reversed, and as the agreed statement of facts shows that there is no right to recover, the cause will not be remanded. Judgment reversed.