### Illinois Central Railroad Company v. The People of the State of Illinois, for the use of Jacob Keller.

1. ELECTION OF REMEDIES—*Party Entitled to but One Satisfaction.*— It is an old and familiar rule of law that a party aggrieved can have but one satisfaction for his grievance.

2. SAME—*Injuries by Railroad Trains—Construction of Statutes.*—It was the intention of the legislature in enacting Sec. 87, Chap. 114, R. S., in reference to running trains through cities and villages, to give a party aggrieved by the running of such trains at a rate of speed exceeding that fixed by ordinance, the right to recover the penalty in satisfaction for his injury, and to leave him to the election of proceeding to

recover the penalty, or of proceeding to recover damages. But having exercised his election and recovered in one form of action he can not again recover in the other.

**Debt,** for statutory penalty. Trial in the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Reversed. Opinion filed March 10, 1899.

G. A. KOERNER and VICTOR K. KOERNER, attorneys for appellant; JOHN G. DRENNAN, of counsel.

It is a principle of law that a person who has submitted his alleged grievance to a court of competent jurisdiction has had his day in court, and can not be again heard as to the same matter in another proceeding. In T. H. & I. R. R. Co. v. The People, 41 Ill. App. 513, this court, speaking through Mr. Justice Phillips, holds that a judgment against a plaintiff in an action to recover damages is a bar to an action for the penalty. If that is the law, it follows necessarily that a judgment in his favor is a bar to a suit for the penalty.

That case decides in substance that the person suing for the penalty must at the time of bringing that suit have a right of action for damages.

The statute is in derogation of the common law and no force or effect can be given to it beyond what is expressed by its words or is necessarily implied from what is expressed. Thompson v. Weller, 85 Ill. 197.

Nor can it be extended as to persons. Waddle v. Duncan, 63 Ill. 223; Cadwallader v. Harris, 76 Ill. 370.

It provides a new remedy for a pre-existing right, and is to be regarded as cumulative and alternative, and as allowing the use of the old remedy at the election of the party concerned, unless the terms of the statute provide the contrary. Enc. Pl. & Pr., Vol. 7, p. 373; Cooley on Torts, 781, 782.

Where the non-performance of a duty is subject to a pecuniary penalty, recoverable only by the party aggrieved, the penalty is regarded as compensation for the private in-

jury as well as punishment for the public wrong.    Endlich on Interpretation of Statutes, Sec. 470.

The rule is that a person having two remedies can prosecute but one to judgment.    Freeman on Judgments, Sec. 243; Hanna v. Read, 102 Ill. 596; Herman on Estoppel, p. 23, Sec. 27.

"The principle of the cases is that the party who has submitted his alleged grievances to a court of competent jurisdiction, and has had the same adjudicated, has had his day in court, and can not be again heard as to the same matter in another form of proceeding."    Ahl v. Goodhart, 29 Atl. Rep. 82.

In Herman on Estoppel, Sec. 77, it is said :

"An entire claim ensuing either upon a contract or a wrong can not be divided and made the subject of several suits; and if several suits be brought for the different parts of the same claim    *    *    *    judgment upon the merits in either will be available as a bar in the other suits.    *    *    * In case of torts, each trespass, conversion or fraud gives a right of action, and but a single one, however numerous the items of wrong may be."    See also Derickson v. Krause, 4 Ill. App. 507.

Merrills & Mooneyham, attorneys for appellee, contended that both suits are brought to recover for the same grievance, which contention expressed in other words is, that the *gravamen* is the same in both cases.

Webster's International Dictionary defines the term "*gravamen*" as follows: "The grievance complained of; the substantial cause of the action; also, in general, the ground or essence of a complaint."    (Citing Bouvier as authority.)    Applying this definition, the *gravamen* in the case at bar is the violation of the statute and ordinance; in the proceedings offered in evidence the *gravamen* was the negligence of the defendant.    Two separate and distinct causes of action, supporting two separate and distinct recoveries.    The statute does not provide a concurrent remedy for an existing cause of action, nor does it offer an alternative remedy for an existing cause of action.    It creates a new cause of action, separate and distinct from the

common law action in case, and provides for a separate and distinct recovery.

Per Curiam.

This was an action of debt in the Circuit Court of St. Clair County by appellee, to recover from appellant the penalty provided in Sec. 87, Chap. 114, of the Revised Statutes of Illinois.

The statute is as follows:

" Whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done to the person or property by such train, locomotive engine or car; and in addition to such penalties as may be provided by such city, town or village, the person aggrieved by the violation of any of the provisions of this section, shall have an action against such corporation, so violating any of the provisions, to recover a penalty of not less than $100 nor more than $200, to be recovered in any court of competent jurisdiction; said action to be an action of debt, in the name of the People of the State of Illinois, for the use of the person aggrieved, but the court or jury trying the case may reduce said penalty to any sum, not less, however, than $50, where the offense committed by such violation may appear not to be malicious or willful."

The declaration charges in substance that the city council of Belleville, Illinois, had passed an ordinance limiting the speed of freight trains through said city to six miles an hour; that the defendant company ran a certain freight train through said city at the rate of twenty miles an hour, and that by means thereof said Keller, the beneficial plaintiff, was injured, whereby an action has accrued to him to recover the penalty provided by statute.

The beneficial plaintiff, Keller, prior to the commencement of this suit, had sued and recovered from appellant the sum of $750 for the injury, whereby he was aggrieved on the occasion complained of in this declaration.

Appellant contends that the beneficial plaintiff, Keller,

having recovered for the injuries sustained by him by reason of the violation of the statute, can not now recover the penalty.

The question here involved has recently been before the Illinois Appellate Court for the Third District, in the case of the Wabash Railroad Company v. The People of the State of Illinois for the use of Mary L. Elliott, 78 Ill. App. 268, in which the court says:

"It is an old and familiar rule of law that a party aggrieved should have but one satisfaction for his griev-ance. It is equally familiar that where a controverted matter has been adjudicated in a former suit between the parties, its adjudication is conclusive of the same question in a subsequent suit. The substance of the contention of counsel for the usee is that a party aggrieved by the failure of a railroad company to observe an ordinance limiting the rate of speed of trains has two remedies, and may have two satisfactions for the injury done him. Certainly, before a court would be warranted in placing such a construction upon a statute—that an aggrieved party would have two remedies and could have two recoveries and two satisfac-tions for the same injury, the language of the statute should clearly and unequivocally manifest such intent.

"The language of the section quoted seems to negative rather than affirm such a construction. While it says that 'in addition to such penalties as may be provided by the city, town or village, the person aggrieved by the violation,' etc., shall have an action against the corporation for the penalty, it does not say he shall have an action for the pen-alty in addition to his right to recover, as recited in the first part of the section. We think a more reasonable construc-tion to place upon that section is that it was the intention of the legislature to give a party aggrieved by the running of a train at a rate of speed exceeding the rate fixed by ordinance the right to recover the penalty in satisfaction for his injury, and to leave him to the election of pro-ceeding to recover the penalty in an action of debt, in the name of the people for his use, or of proceeding in an action for trespass to recover damages. But having exercised his election and having recovered in one form of action he can not again recover in the other. In the case of T. H. & I. R. R. Co. v. The People, etc., for the use of Lydia C. Kelly, 41 Ill. App. 513, it was held that a judgment against plaintiff in an action to recover damages

for injury to certain property caused by a railroad company's violation of a speed ordinance is a bar to a recovery by him in a subsequent suit to recover the penalty.   The case differed from this only in that the injury was to personal property instead of to the person, and in that the plaintiff was defeated in the action of trespass.   The opinion was delivered by Mr. Justice Phillips, now one of the judges of the Supreme Court.   The principle there announced, so far as we are advised, has never been questioned by the Supreme Court or any of the Appellate Courts of this State.   If judgment against the plaintiff in a suit to recover damages is a bar to the recovery of the penalty it follows that a judgment in her favor, which has been paid, is also a bar to a recovery of the penalty."

If the above cited case be accepted as authority, it is conclusive of the case at bar, and we feel disposed to follow it until such time as our Supreme Court shall have had the question under consideration and given us a construction of this statute.

The judgment of the Circuit Court is reversed.