## Illinois Central Railroad Co. v. The People, use of, etc.

1. REMEDIES—"*Person Aggrieved*"—*One Satisfaction.*—A party aggrieved should have but one satisfaction for his grievance.

2. FORMER RECOVERY—*May be Pleaded in Bar.*—Where a controverted matter has been adjudicated in a former suit between the parties, its adjudication is conclusive of the same question in a subsequent suit.

3. STATUTES—*Construction of Sec. 36, Act of 1874, Fencing and Operating Railroads.*—Under section 36, of the act of 1874, entitled "An act in relation to fencing and operating railroads," and providing that if any railroad corporation, or any of its agents, servants or employes, violate the provisions of the act, they shall be liable to a fine of not less than $10 nor more than $200, to be recovered in an action of debt in the name of the people of the State of Illinois, for the use of any person aggrieved, before any court of competent jurisdiction. The person aggrieved, having once recovered compensation for the injury, can not thereafter recover the statutory penalty.

**Debt**, for a statutory penalty. Trial in the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Verdict of guilty and judgment; appeal by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

G. A. & V. K. KOERNER, attorneys for appellant.

W. WINKLEMAN, attorney for appellee.

OPINION PER CURIAM.

This was an action of debt, brought in the name of the people of the State of Illinois, for the use of George Biehl, against the Illinois Central Railroad Company, to recover the penalty provided by statute for the failure of said company to ring a bell or sound a whistle at a certain highway crossing in St. Clair county, by reason of which violation Biehl claims he was injured in his person and property.

Trial was by jury. Verdict finding appellant guilty and fixing the fine at $50. Judgment on the verdict.

The defense sought to be made by appellant in the Circuit Court was that, prior to the commencement of this suit, Biehl had brought an action of trespass on the case against

appellant to the April term, 1897, of the St. Clair County Circuit Court, and recovered therein a judgment for $100 and costs, for the injury sustained by him on account of the failure of appellant to ring the bell or sound the whistle on the occasion complained of, which is the same grievance set up in this suit; that said judgment and costs were fully paid and said grievance thereby satisfied.

Appellant properly set up this defense by special pleas, to which the court sustained demurrers, and appellant duly excepted. The statute upon which this suit is based is as follows:

" Every railroad corporation shall cause a bell of at least thirty pounds weight, and a steam whistle, placed and kept on each locomotive, and shall cause the same to be rung or whistled by the engineer or fireman at the distance of at least eighty rods from the place where the railroad crosses or intersects any public highway, and shall be kept ringing or whistling until such highway is reached."

" If any railroad corporation, or any of its agents, servants or employes, shall violate any of the provisions of this act, such corporation, agent, servant or employe, severally, unless otherwise provided herein, shall be liable to a fine of not less than $10 nor more than $200, to be recovered in an action of debt, in the name of the people of the State of Illinois, for the use of any person aggrieved, before any court of competent jurisdiction."

The Appellate Court of the Third District has lately had this statute before it for construction. In Wabash Railroad Company v. The People of the State of Illinois, for the use of Mary L. Elliott, 78 Ill. App. 268, it is said:

" As one of the grounds for reversal, it is urged that the usee, having recovered a judgment for the injuries sustained by her, and the judgment having been paid, she can not recover, in the name of the people, for her use, the statutory penalty.

" It is an old and familiar rule of law that a party aggrieved should have but one satisfaction for his grievance. It is equally familiar that where a controverted matter has been adjudicated in a former suit between the parties, its adjudication is conclusive of the same question in a subsequent suit. The substance of the contention of counsel for the usee is that a party aggrieved by the failure of a rail-

road company to observe an ordinance limiting the speed of trains, has two remedies, and may have two satisfactions for the injury done him. Certainly, before a court would be warranted in placing such a construction upon a statute, that an aggrieved party could have two satisfactions for the same injury, the language of the statute should clearly and unequivocally manifest such intent."

The conclusion reached in the cited case is that the "person aggrieved," having once recovered compensation for the injury, can not thereafter recover the statutory penalty.

Accepting this construction of the statute as correct, it follows that appellants' pleas set up a good defense, and the court erred in sustaining the demurrers to them.

The judgment of the Circuit Court is reversed and the cause remanded.