## Pennsylvania Company v. City of Chicago.

1. PRACTICE—*Objections to Evidence Come Too Late in This Court.*—Objections to evidence introduced in the trial court come too late when made for the first time in this court.

2. QUESTION OF FACT—*What is " Dense Smoke."*—Whether smoke coming from a locomotive is "dense" is a question of fact for the jury.

Debt, to recover a penalty for violation of a city ordinance. Appeal from the Criminal Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 9, 1903. Rehearing denied April 23, 1903.

This suit was brought by appellee in a justice court to recover a penalty prescribed for the violation of a city ordinance by the emission of dense smoke within the corporate limits from a locomotive engine owned by appellant. A trial was had which resulted in a judgment against appellant for the sum of $25. From this judgment an appeal was taken to the Criminal Court of Cook County. In the trial which there followed appellant, by the jury, was found guilty and assessed the sum of $50 and costs. From the judgment entered upon that verdict this appeal was brought.

GEORGE WILLARD, attorney for appellant.

HOWARD S. TAYLOR and GEORGE H. KRIETE, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The motion of appellee to strike the bill of exceptions from the files is overruled. The bill was signed and filed within the time allowed by the court, based upon the written stipulation of the parties.

The ordinance is in substance as follows:

"Sec. 1046. The emission of dense smoke from the smoke stack of any  *  *  *  locomotive  *  *  *  anywhere within the city, shall be deemed and is hereby declared to be a public nuisance.  *  *  *

"Sec. 1047. The owner or owners of any  *  *  *  locomotive engine  *  *  *  who shall permit or allow dense smoke to issue or to be emitted from the smoke-stack of any  *  *  *  locomotive  *  *  *  within the corporate limits, shall be deemed and held guilty of creating a nuisance, and shall for every such offense be fined in a sum of not less than $5 nor more than $50.

Appellant says it does not appear when said ordinance went into effect. The two sections quoted were introduced as parts of an existing ordinance of the city of Chicago. No objection was made thereto by appellant. Had objection been taken at the trial, appellee, no doubt, would have made fuller proof, if that were necessary, as to the validity of such ordinance. It is now too late to raise such an objection. Chicago & E. I. Ry. Co. v. People, 120 Ill. 667.

Appellant says that it does not appear in what year the alleged offense was committed. In this it is mistaken. The witness Palmer testifies that on July 17, 1901, he was smoke inspector, and on that day he saw the engine in question, and then, after refreshing his memory from a memorandum he said:

"Yes, sir, on July 17th I observed dense smoke emitted from the stack of the engine 194 Pennsylvania Railroad Company at Twelfth street viaduct and Pennsylvania tracks."

Appellant further urges that the evidence does not show the ownership of the engine from which the dense smoke was emitted. Yet its own witness, Giff, swears that he is a locomotive engineer employed by appellant for twenty-one years, and that on said day, July 17, 1901, he ran this engine No. 194. Its witness, Weisenborn, testifies that he is a locomotive fireman, had been in the employ of appellant for ten years, and that " on that day I was working on engine 194." There is nothing in the record to the contrary. Here is ample evidence from which the jury might find that appellant was then and there the owner of such engine.

Appellant put in evidence tending to show that the smoke coming from this engine, at the time and place in question, was not " dense smoke." This was a question of fact for the jury. They have found against appellant in this regard, and we are not disposed to interfere with that finding.

. Appellant offered to prove that engine 194 was equipped with a smoke consumer, and the distance from the tracks where the offense was committed to the nearest dwellings. Appellee objected to this evidence in each particular, and was therein sustained by the court. There was no error in these rulings, as we think. The evidence offered was immaterial.

Finding no reversible error in this record, the judgment of the Criminal Court is affirmed.