McFadden v. Saint Paul Coal Co., 183 Ill. App. 36.

---

## Miles McFadden, Administrator, Appellant, v. Saint Paul Coal Company et al., Appellees.

### Gen. No. 5,789.

1. MINES AND MINERALS, § 136*—*when Mines Act does not permit a double recovery for death of employe.* Where separate actions for death are brought under the Injuries Act, J. & A. ¶ 6185, and the Mines Act, J. & A. ¶ 7503, the Mines Act does not permit of a double recovery where the beneficiaries in the separate suits are identical.

2. MINES AND MINERALS, § 138*—*who may bring action for death of employe caused by wilful violation of statute.* The Mines Act,

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

R. S. ch. 93, § 29c, J. & A. ¶ 7503, gives the right of action to the personal representative of the deceased for the exclusive benefit of the widow and next of kin, and also to any other person or persons who were dependent for support on the person killed.

3. MINES AND MINERALS, § 138*—*parties in suit for wilful violation of Mines Act.* A joinder of two of the classes of beneficiaries named in the statute, such as the widow and the lineal heirs, improper.

4. MINES AND MINERALS, § 195*—*measure of damages for death of employe resulting from wilful violation of Mines Act.* Damages are not limited to the pecuniary loss of the persons prosecuting the suit; the pecuniary loss sustained by all of the beneficiaries named in the statute seems to be a proper consideration in measuring the damages.

5. COMPROMISE AND SETTLEMENT, § 4*—*when personal representative may compromise claim.* Personal representative in an action for wrongful death under the Injuries Act, J. & A. ¶ 6185, has authority to settle, compromise and discharge the claim.

6. COMPROMISE AND SETTLEMENT, § 11*—*when compromise of suit operates as bar to another suit.* In an action under the Injuries Act, J. & A. ¶ 6185, to recover for the death of an employe in a mine, a compromise of a suit for such death under the Mines Act, J. & A. ¶ 7503, operates as a bar to the suit under the Injuries Act when the beneficiaries are identical.

7. APPEAL AND ERROR, § 198*—*constitutional questions.* When constitutional question is involved, appeal should be to the Supreme Court.

8. APPEAL AND ERROR, § 206*—*presentation of constitutional questions.* To raise a constitutional question it should be argued in the first brief so that appellee might answer it.

9. APPEAL AND ERROR, § 1782*—*when judgment will be reversed to enable appellant to recover nominal damages.* Cause will not be reversed merely to enable the appellant to maintain the action and recover nominal damages.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

J. L. MURPHY, for appellant.

DUNCAN, DOYLE & O'CONOR, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

On November 13, 1909, Andrew McFadden was im-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

prisoned in the mine of appellees at Cherry, Illinois, by a great fire that rendered the places of exit impassable so that he and many others were confined below in the mine until they died. He left him surviving his father and mother and several brothers and sisters, all dependent upon him for their means of support, and no widow. Miles McFadden, his father, was appointed administrator of his estate and as such administrator commenced this suit, filing a declaration charging negligence of appellee and averring due care on the part of deceased, and containing other averments proper and necessary to bring the case under our Injuries Act. (Chap. 70, R. S., J. & A. ¶ 6185.) Appellees filed the general issue to this declaration. Afterwards said Miles McFadden and Ann Jane McFadden, his wife, (father and mother of deceased), brought an action against appellees under our Mines Act (chap. 93, R. S., J. & A. ¶ 7503) and filed a declaration therein charging a wilful violation of various provisions of that act, setting up the same condition of facts alleged in the former declaration, omitting the averment of due care on the part of deceased, and framing the declaration with proper averments to bring the case strictly under the Mines Act. Appellees filed the general issue to this declaration and the plaintiff filed a *similiter* thereto. Issues being so joined and both cases pending in the same court, on November 20, 1912, appellee, Saint Paul Coal Company, paid said Miles McFadden and Ann Jane McFadden two thousand five hundred dollars in settlement and compromise of their causes of action against appellees and all other persons growing out of the death, and circumstances contributory to the death, of said Andrew McFadden, deceased; and thereupon the suit begun by them as the parents of deceased was dismissed, and the order of dismissal showed that the subject-matter of the controversy was settled. Afterwards, appellees obtained leave of court and filed in this case a plea setting up said suit under the Mines

Act, and said settlement and compromise thereof in bar of this action. The trial court overruled a demurrer to the plea, and appellant standing by his demurrer, judgment went against him for costs and he brings the case here for review. The question is whether in case of death of an employe in a mine, where the facts support an action brought by an administrator under the Injuries Act and also an action brought by the widow or other proper party plaintiff under the Mines Act, and the beneficiaries are the same, both actions can be brought and recoveries be permitted in each or whether these two statutes shall be held to provide separate remedies for the same damage or injury and the beneficiaries be required to elect between them, or, if they be permitted to prosecute both, be allowed but one recovery.

Under the Injuries Act the suit is brought in the name of the personal representative of the deceased, and the amount recovered is distributed to the widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate. Section 33 of the Mines Act in force at the time this right of action accrued reads: "For any injury to person or property, occasioned by any wilful violations of this Act or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives," etc., giving the right of action (1) to the widow, if there is one; (2) if no widow, then to the lineal heirs or adopted children;

(3) if neither widow nor lineal heirs nor adopted children, then to any person dependent for support on said deceased.

In this case the father and mother, as lineal heirs, were the proper and only persons authorized to bring the action under the Mines Act. *Willis Coal & Mining Co. v. Grizzell,* 198 Ill. 313. The statute authorizes but one action, but one recovery for the entire loss. *Id.,* and *Beard v. Skeldon,* 113 Ill. 586. But the damages are not limited to the pecuniary loss of the persons prosecuting the suit; the pecuniary loss to all beneficiaries named in the act seems to be a proper consideration in measuring the damages. *Id.,* and *Cook v. Big Muddy Min. Co.,* 249 Ill. 41; *Claffy v. Chicago Dock Co.,* 249 Ill. 210. A joinder of two of the classes, such as the widow and the lineal heirs, is improper. *Hart v. Penwell Coal Min. Co.,* 146 Ill. App. 155.

While the beneficiaries under the two acts are not always the same, it appears by the pleadings in this case that they are here identical, and following the reasoning and conclusions of the Court in *Terre Haute & I. R. Co. v. People,* 41 Ill. App. 513, a double recovery for the same loss and damage cannot be permitted. That case has been followed and approved in *Wabash R. Co. v. People,* 78 Ill. App. 268, and *Illinois Cent. R. Co. v. People,* 81 Ill. App. 176, and in those cases as in this the recovery was sought under a statute authorizing the recovery of damages caused by a violation of its provisions, which is the legal effect of the statutory provision above quoted. *Missouri & I. Coal Co. v. Schwalb,* 74 Ill. App. 567.

The Mines Act was amended in 1911, and now gives the right of action to the personal representative of the deceased for the exclusive benefit of the widow and next of kin, and also to any other person or persons who were dependent for support on the person killed. Chapter 93, § 29c., Hurd's R. S. 1911 (J. & A. ¶ 7503). What questions may arise in cases where there are

beneficiaries entitled to recover under the Mines Act, that are not included in the provisions of the Injuries Act, either under the present or former statutes, we need not consider. We are dealing with a case where the parties entitled to share in the recovery are the same under each act.

We entertain no doubt of the power of the proper plaintiff in an action under the Mines Act to compromise and settle the claim. Under the Injuries Act the personal representative brings the action, not because of any duty imposed on him in that capacity, except by the statute designating him by that description to perform that duty. The Legislature might have, if it had seen fit, designated any other official and charged him with that duty. It is true that because of the personal representatives connected with the estate of the deceased, and consequently with the parties that are named as beneficiaries in actions for wrongful death under the Injuries Act, that there was much wisdom in choosing him to bring the action, but that does not affect the principle involved, and there can be no question but the personal representative in those cases has the authority to settle, compromise and discharge the claim. *Henchey v. City of Chicago*, 41 Ill. 136; *Washington v. Louisville & N. Ry. Co.*, 136 Ill. 49. The right of action and legal title to damages recovered necessarily gives one the right to control the prosecution and disposition of a case. *Id.*

Appellant in his reply brief, for the first time, suggests and argues a constitutional question supposed to be involved. We have not much considered it. If there is a constitutional question involved the appeal should have been taken to the Supreme Court. If there is a question of that nature in this case that should be considered by us on this hearing it should have been argued in the first brief so that appellees' counsel might have answered it. We, however, fail to perceive the force of the suggestion.

It is possible the administrator in this case had the right under appropriate pleadings to maintain his action and recover nominal damages, but even if that be so the case should not be reversed for that reason. *Checkley v. Illinois Cent. R. R. Co.*, 257 Ill. 491.

The judgment is affirmed.

*Affirmed.*