HONORA HENCHEY, Administratrix,

*v.*

THE CITY OF CHICAGO.

1. PRACTICE — *dismissing a suit upon stipulation, in the absence of the opposing counsel.* The better practice is, not to dismiss a suit in the Circuit Court in the absence of the plaintiff's counsel, upon motion of defendant's counsel based upon a stipulation to that effect, signed by the plaintiff in person; yet the appellate court will not set aside the action of the court below allowing such motion, merely for that reason, and in the absence of proof, that the stipulation was fraudulently or improperly obtained.

2. ADMINISTRATOR — *of his power to compromise and stipulate to dismiss a suit brought to recover damages for the death of intestate caused by the negligence of defendant.* An administrator having instituted suit, under the act of 1853, to recover damages in respect to the death of the intestate, alleged to have been caused by the neglect or default of the defendant, has the legal right to control the prosecution and disposition of the suit. So he has the power to stipulate for the dismissal of the cause, upon a settlement with the defendant by which he received even less than the amount claimed in his declaration.

3. ATTORNEY'S LIEN *upon a claim for unliquidated damages before judgment — control of the client over his own case.* An attorney's lien for his fees does not attach to a claim for unliquidated damages prior to the judgment.

4. So, where an administrator has instituted suit to recover damages in respect of the death of his intestate, alleged to have been caused by the neglect of the defendant, the attorney who brought the suit has no lien on the cause for his fees, so as to deprive the plaintiff of the power to settle the action before judgment in such manner as he may deem proper.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of trespass on the case brought in the court below by Honora Henchey, as administratrix of the estate of John Henchey, deceased, against the city of Chicago, to recover damages for causing the death of the said John Henchey.

It is alleged in the declaration, that, on the night of the 29th of July, 1863, the draw-bridge across the south branch of the Chicago river, in the city of Chicago, known as the " Polk

Street bridge," was carelessly left open, without any lights or other warning to travelers, or any guards or barriers to prevent persons being about to cross the bridge from walking or falling off from the same into the river; and, that, by reason thereof, and without any fault or negligence on his part, the said John walked or fell off from the bridge into the river and was drowned.

On the first day of February following, this suit was instituted by the plaintiff, " who sues as well for herself, being the widow of the said John Henchey, as also for the use and benefit together with herself, of William Henchey, Sarah Henchey, Kate Henchey, and Bridget Henchey, children and heirs at law of said John Henchey, and next of kin of him said John Henchey."

Damages were laid at five thousand dollars.

It appears, that, on the second day of May after the suit was brought, the defendant's counsel appeared in court, and, in the absence of the plaintiff and her counsel, entered his motion that the suit be dismissed, the motion being based upon the following stipulation:

" It is hereby stipulated and agreed, by and between the parties to the above entitled suit, now pending in the Circuit Court of Cook county, Illinois, that the same shall be dismissed at the present term of the said court, at the costs of defendant, the same having been fully settled by agreement between said parties.

" Executed in the presence of

" CHARLES TUNNICLIFF,

" MALCOLM McDONALD.

"HONORA HENCHEY,

"*Administratrix of the goods and chattels of John Henchey, deceased.*

" S. S. HAYES, *City Comptroller of Chicago.*"

The motion was allowed, and the following order of dismissal was entered of record:

"By the written stipulation of the said parties, filed herein, and on motion, it is ordered that said *suit be dismissed out of this court*, with costs to be taxed, and the same is hereby dismissed accordingly."

On the 3d of May, the plaintiff moved the court to set aside the order dismissing the cause, and, in support of the motion, presented several affidavits, which it is not necessary to set forth in full. The principal grounds urged in support of the plaintiff's motion are as follows :

1. That it was contrary to the practice of the court to dismiss a suit upon such a stipulation, upon the motion of defendant's counsel in the absence of the plaintiff's counsel.

2. That improper and fraudulent means were resorted to in obtaining an unfair compromise with the plaintiff, without the advice and in the absence of her attorney.

3. That the plaintiff had no power to make the stipulation by which the suit was dismissed.

4. The attorney for the plaintiff insists that he had an attorney's lien on the claim for damages which could not be defeated by the act of his client.

The amount paid to the plaintiff by the defendant in compromise of the suit, is shown in the following receipt :

"Chicago, April 29, 1864.

"Received of the city of Chicago, the sum of one thousand and sixty dollars in full settlement and satisfaction of all damages claimed or sought to be recovered by me in a certain suit now pending in the Circuit Court of Cook county, Illinois, wherein I, Honora Henchey, administratrix of the goods, chattels and credits which were of John Henchey, late of said county of Cook, deceased, is plaintiff, and the said city of Chicago is defendant.

"HONORA HENCHEY,      [seal.]
"*Administratrix of the goods and chattels of John Henchey, deceased.*"

And at the time of making the settlement the plaintiff executed the following instrument :

" Know all men by these presents, that I, Honora Henchey, administratrix of all and singular the goods, chattels, and effects which were of John Henchey, deceased, for and in consideration of the sum of one thousand and sixty dollars to me in hand paid, the receipt of which is hereby acknowledged, have remised, released and forever discharged the city of Chicago, and by these presents do, for myself, my heirs, executors and administrators, and for the next of kin of said John Henchey, deceased, remise, release and forever discharge the said city of Chicago of and from all and all manner of actions, causes of actions, suits, debts, dues, sums of money, controversies, damages, claims and demands whatsoever, in law or in equity, which I ever had or may have against the said city of Chicago, in my own right, or as administratrix as aforesaid.

" In witness whereof I have hereto set my hand and affixed my seal, the 29th day of April, 1864.

" HONORA HENCHEY,      [SEAL.]

" *Administratrix of the goods and chattels*

*of John Henchey deceased.*"

The court overruled the plaintiff's motion to set aside the order of dismissal, and thereupon she sued out this writ of error for the purpose of reviewing the action of the court in that regard.

Mr. H. T. STEELE, for the plaintiff in error.

Mr. FRANCIS ADAMS, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Although the better practice undoubtedly is, not to dismiss a suit in the absence of plaintiff's counsel, upon motion of defendant's counsel based upon a stipulation to that effect, signed by the plaintiff in person, yet we cannot set aside the action of the court merely for that reason, and in the absence of proof that the stipulation was fraudulently or improperly obtained. After an attentive examination of the affidavits filed in this case, we cannot see that the officers of the city

resorted to fraud, misrepresentation, or illegal means of any sort, in making the compromise. Some of them may have plied the plaintiff with arguments to an extent from which a high-minded man would have shrunk in any controversy he might have with a woman, but mere violations of good taste or scrupulous propriety are not within our jurisdiction.

Neither can we agree with appellant's counsel in the position that the plaintiff had no power to make the stipulation by which the suit was dismissed. The statute vested in her, as administratrix, the right of action and the legal title to whatever damages were recoverable. This, of necessity, gave her the legal right to control the prosecution and disposition of the suit, as an administrator has in other cases. Whether the children who, with herself, were interested in the distribution of whatever damages might have been recovered, can call her to account for any error of judgment she may have committed in making this settlement, is a question to be decided when they make the attempt. The application to set aside the order of dismissal is not made in their beha'f, but in her own. For aught that appears they are satisfied with the settlement, and she is certainly concluded by it. It is not pretended that there was any collusion between her and the city to defraud the children, or that she was not acting in the utmost good faith in regard to their interests. Had collusion for this purpose been shown, a different question would have been presented.

The counsel for appellant also insists that he had an attorney's lien on the claim for damages which could not be defeated by the act of his client, and which gave him a right to prosecute the suit to judgment. The extent of an attorney's lien is not very well defined, and the cases in the New York Reports are especially conflicting. We are not, however, inclined to *hold*, that the lien attaches to a claim for unliquidated damages prior to the judgment.

In *Gitchel* v. *Clark*, 5 Mass. 309, on an application similar to the present, the court, refusing the motion, said, " before judgment it was very clear the plaintiff might settle the action and discharge the defendant, without or against the consent of

his attorney, who had no lien on the cause for his fees." A similar rule is laid down in *Foot* v. *Tewksbury*, 2 Vt. 97; *Shank* v. *Shoemaker*, 18 N. Y. 489, and *Sweet* v. *Bartlett*, 4 Sanf. 66, and we regard it as by far the sounder principle. To hold that the lien attaches to a claim for unliquidated damages before judgment would embarrass parties in all attempts to settle their suits amicably, and thereby greatly tend to prevent a result always held to be desirable. Especially would this be the case under a system of practice like ours, where the compensation of attorneys is not fixed by law. Under such a rule, attorneys, by making a demand for unreasonable fees, would be able to prevent a settlement whenever they should desire. Highly as we think of our profession, we do not deem it desirable that they should thus be able to control the most important interests of their clients, independently of the wishes of the latter. It is better that clients should be at liberty to adjust their difficulties if they can. In the particular case before us, we have no doubt it would be most equitable to allow the lien. But we cannot establish the rule in reference to the merits of a particular case. "Hard cases make bad law." We think such an application of the lien as is here asked would be against the current of authorities and the general interests of society.

*Judgment affirmed.*