EUGENIA WASHINGTON, Admx.

*v.*

THE LOUISVILLE AND NASHVILLE RAILWAY COMPANY *et al.*

*Filed at Mt. Vernon January 24, 1891.*

1. PRACTICE—*defense arising after suit brought—how to be availed of.* A settlement and release of a cause of action, an accord and satisfaction, or other matter arising after the last pleading which goes simply in discharge of the original cause of action, must generally be availed of by plea *puis darrein continuance.* But when the parties seek not only to adjust the amount of the claim, but further, to have judgment

4—136 ILL.

entered for such amount, the court may, on motion, execute the agreement by giving judgment in pursuance thereof.

2. SAME—*settlement of suits—how far enforcible—questions arising.* Settlements of pending litigation are favored by the courts, and when fairly made, upon valuable consideration, they will be enforced upon proof of the agreement, on motion of either party.

3. Upon motion for judgment, based upon a written agreement of the parties by way of settlement of the pending litigation, the court may properly inquire whether the agreement has been executed; and when it is claimed that such agreement was obtained by fraud, it is the duty of the court to determine that question, and also the power of the party to make the agreement.

4. SAME—*time to object—as to improper evidence.* If a party resisting a motion for judgment on a stipulation, makes no objection to the introduction of affidavits in support of the motion, he will not be heard to complain that he was deprived of the right to cross-examine. If improper evidence is offered he should object, so that the other party may supply its place by competent evidence.

5. TRIAL BY JURY—*whether the right exists—as, in respect of a settlement of pending suit.* Where the making of an agreement in settlement of a pending suit, containing a stipulation for judgment, is controverted, the court, in the exercise of a sound discretion, may properly require the party seeking to enforce the agreement to present the same by an appropriate plea, to the end that the issue thereon may be submitted to a jury. But the court is not bound to do so.

6. SAME—*waiver of right to trial by jury.* If a party stands by and permits the court, without objection, to decide upon the validity of his agreement settling the cause of action, without submitting the question to a jury, he can not be heard to complain, on appeal, that he was denied a trial by jury.

7. ADMINISTRATOR—*power to compromise suit.* An administratrix has the power, without an order of the county court, to settle and adjust a suit brought by her against one for wrongfully causing the death of her husband, although the suit may be brought for the benefit of the heirs of the deceased as well as for her own use. The right to sue gives her the right to control the disposition of the suit.

8. APPEALS—*as to amount involved—how determined—under amendatory act of 1887.* The act of June 6, 1887, amendatory of section 8 of the Appellate Court act of June 2, 1877, provides that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceeds $1000.

9. SAME—*"trial on an issue of fact"—in what it may consist—as affecting the right of appeal.* Where, after issues of fact have been made up

by the pleadings, judgment is entered by the court, as by the agreement of the parties, upon a stipulation filed, the judgment will not be the result of the trial of an issue of fact, within the meaning of such amendatory act.

10. In such case, the hearing of proof of the execution of the stipulation, and evidence on the question of fraud in procuring its execution, and finding that the stipulation was fairly and understandingly made, is not a trial upon the issues of fact presented by the pleadings, within the meaning of the statute.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. BENJ. R. BURROUGHS, Judge, presiding.

Mr. M. MILLARD, for the appellant.

Mr. J. M. HAMILL, and Mr. W. S. FORMAN, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action by appellant, as administratrix of the estate of Oscar Washington, deceased, against appellees, to recover, for the benefit of the widow and next of kin, damages for wrongfully causing the death of her intestate. Judgment was rendered in her favor in the circuit court, as by agreement of parties, upon the stipulation filed, for $200 and costs, from which judgment she appealed to the Appellate Court, where the judgment was affirmed, and she prosecutes this further appeal.

A motion was made in this court to dismiss the appeal, for the reason that the judgment was for less than $1000, exclusive of costs, and no certificate had been granted by the judges of the Appellate Court entitling the party to an appeal under the statute. This motion will be first considered.

It is very clear that prior to the amendment of the eighth section of the Appellate Court act, in force July 1, 1887, (3 Starr & Curtis' Stat. 430,) no appeal could have been prosecuted to this court from the judgment of the Appellate Court. The statute as amended, in addition to the cases in which appeals and writs of error had theretofore been allowed, provides:

"That in all actions where there was no trial of an issue of
fact in the lower court, appeals and writs of error shall lie from
the Appellate Court to the Supreme Court, when the amount
claimed in the pleadings exceeds $1000." Issues of fact are
made up, under our practice in courts of record, by formal
written pleadings of the parties. An issue, in this sense, is
defined as a single, certain and material point arising out of
the allegations or pleadings of the parties, and generally made
by an affirmative allegation and denial. (Gould's Pl. 279;
Anderson's Law Dic.) Whenever the parties come to a point
in the pleadings which is affirmed on one side and denied on
the other, they are said to be at issue; and when a material
fact is thus affirmed and denied, an issue of fact is formed for
trial, and its determination usually results in a judgment for
one party or the other. In this way only, as a general rule,
can an issue of fact be formed for trial. It must be presumed
that the legislature intended, by the use of this language, that
appeals and writs of error should be allowed in the designated
cases, "where there has been no trial on an issue of fact" in the
lower court presented and made up according to the known
and established practice in making up issues of fact to be tried
in the courts of this State.

Upon looking into this record it is found that the judgment
below was not the result of a trial of an issue of fact. It was
rendered by the court, as by agreement of parties, upon the
stipulation filed, and the only question presented by this ap-
peal is, whether the court erred in so rendering its judgment.
It was alleged in the declaration that the defendants were
guilty of wrongful acts, thereby causing the death of plaintiff's
intestate. The defendants filed pleas of the general issue, and
thus was formed the issue of fact referred to and intended to
be covered by the proviso before quoted. It is not pretended
that any trial was had of the issue of fact thus formed. It
can make no difference, in this respect, that the court may
have heard evidence in regard to the execution of the stipula-

tion, for when the court found that it had been executed, its action was based alone upon the agreement and consent therein contained. The damages claimed in the declaration exceed $1000. We are of opinion that the case falls within the proviso, and the motion to dismiss must be overruled.

The suit was commenced in the City Court of East St. Louis on the 26th day of March, 1888. The venue was subsequently changed to the circuit court of Madison county, where it was continued from term to term, until the October term, 1889, of that court, when a motion was made by the defendants therein that judgment be entered for plaintiff, and against defendants, for the sum of $200 and costs, in accordance with an agreement filed, properly entitled in the cause, signed by the plaintiff, as administratrix of the estate of Oscar Washington, deceased, and in her individual capacity, and formally acknowledged by her before a notary public, and also duly signed by the defendants. The plaintiff, for herself, as administratrix and widow, and in behalf of a minor child of the intestate and herself, objected to the entry of judgment upon said agreement, for the reason, as she alleged, that its execution by her had been obtained by fraud and misrepresentation of fact, and that she was induced to sign the same by fraud, and under misapprehension of her rights, induced by false and fraudulent representation of one James, who pretended to be acting in her behalf and as her friend, when, in truth and in fact, he was acting for and in behalf of defendants. She filed her affidavit in support, setting out facts and circumstances tending to establish her contention. The defendants filed in opposition the affidavits of James, Dawson and Krebs, each of whom was present at the making and execution of the agreement, and which tend to rebut the existence of fraud, deceit or misrepresentation of fact, and to establish that the settlement and agreement were the result of a voluntary and deliberate purpose of the plaintiff, uninfluenced by any one, and formed with full knowledge of her rights. We shall not enter upon a

discussion of the facts.    If they were open for our considera-
tion, it must be said there was ample evidence afforded by the
affidavits filed, if the court could properly consider them, to
sustain the finding of fact by the lower court.

Two other grounds of reversal of the judgment of the circuit
court are urged.    The first is, that it having been disclosed
to the court that there was a controversy in regard to the
compromise of the plaintiff's cause of action, the court should
have required the defendants to plead the agreement upon
which the motion was based, and thus make an issue of fact
to be submitted to a jury.    It is said by counsel: "If matter
of defense arises while a suit is pending, such as the release
or settlement of the action, that must be interposed by a plea
*puis darrein continuance,* or it is waived."    It may be conceded
for the purposes of this case, as it is, that a settlement and
release of the cause of action, accord and satisfaction, or other
matter arising after the last pleading, which goes simply in
discharge of the original cause of action, must generally be
availed of by that plea.    Here the agreement of the parties
sought to do more than the mere adjustment of damages.    The
parties had the undoubted right to demand, each of the other,
as a condition of the settlement and payment, or acceptance
of the sum agreed upon, that the judgment of the court should
be so entered as to make it final and conclusive of the liti-
gation.    Such settlements of pending litigation are always
favored by the courts, and when fairly made, upon valuable
consideration, they will be enforced.    It is a matter of every
day practice for judgments to be entered, upon the stipulation
of parties filed, upon motion of one party or the other, and,
upon such motion, for the court to require proof of the execu-
tion of the agreement, unless the same is admitted.    Upon
the motion of defendants, based upon the agreement, the court
could properly inquire whether the agreement had been exe-
cuted; and where, as here, it was claimed that the agreement
was obtained by fraud, it became the duty of the court to

determine that question, and if the further question arose as to the power of the plaintiff to make the agreement, that must likewise be determined by the court. If the court found that the agreement had been properly executed, it was its duty to enter judgment according to its terms.

It is, however, said, that by the course pursued the plaintiff was deprived of the right to cross-examine the persons making the counter-affidavits, and also of the right of trial by jury of the controverted question of fact arising as to the validity of the agreement. In respect of the first, a sufficient answer is, that no objection whatever was made by the plaintiff in the court below to the consideration of the affidavits. The motion for judgment under the agreement was properly addressed to the court. The plaintiff was in court resisting the motion, and if improper evidence was offered in support of the motion she should have objected to it, and thereby, if it was held to be incompetent, enable the defendants to supply other and competent evidence. Having failed to object there, she can not now be heard to complain. In respect of the other contention, it is sufficient to say, also, that no objection was interposed by the plaintiff in the court below to such procedure, or motion or suggestion made to the court that such course was improper, or of any right the plaintiff thought she had to a trial by jury. She stood by and participated in the proceeding without objection.

Where the making of agreements of compromise and settlement of pending litigation, even though such agreements contain a stipulation for judgment, as in this case, is controverted, the court, in the exercise of a sound discretion, may very properly require the party demanding judgment according to the stipulation, to present it by appropriate plea, to the end that the controverted fact may be submitted to a jury, but is not bound to do so. A party can not stand by and permit the court having jurisdiction to determine the question, to proceed to final judgment, and then be heard to complain for the first time in the appellate court.

The remaining ground urged for reversal is want of power in plaintiff to make a binding agreement, and it is urged, that before she could make settlement of the claim in controversy it was necessary to secure an order of the probate court of the proper county, and section 83, chapter 3, of Starr & Curtis' Statutes, (p. 226,) is relied upon as sustaining this contention. We are of opinion that the statute referred to can have no application in cases of this sort. The recovery, here, was for the benefit, exclusively, of the widow and next of kin of the deceased person. The section of the statute referred to, requires the administrator to secure an order of the probate court authorizing him to settle or compound *claims due* the estate; and it is manifest, we think, that the claim here sought to be recovered was not a *claim due* the estate, within the meaning of this section. It is impossible that the estate should have derived any benefit whatever by a recovery in this case. True it is that the administrator would be required to account to the widow and heir, but in no legal or proper sense to the estate of the decedent.

This precise question was before this court in the case of *Henchey, Admx.* v. *City of Chicago,* 41 Ill. 136, and the construction there given to the statute, authorizing recoveries in cases of this sort, has for very nearly a quarter of a century been accepted as the law. In that case a stipulation was filed in the absence of the plaintiff or her attorney, and the judgment of the court rendered thereon. It was sought, subsequently, to set aside that judgment upon the same grounds here insisted upon. In that case, after disposing of the other grounds upon which it was alleged the judgment should have been set aside, we said: "Neither can we agree with appellant's counsel in the position that the plaintiff had no power to make the stipulation by which the suit was dismissed. The statute vested in her, as administratrix, the right of action, and the legal title to whatever damages were recoverable. This, of necessity, gave her the legal right to control the prose-

cution and disposition of the suit. Whether the children, who, with herself, were interested in the distribution of whatever damages might have been recovered, can call her to account for any error of judgment she may have committed in making the settlement, is to be decided when they make the attempt." The plaintiff in this case was herself the widow of her intestate, and in addition to the legal right was entitled, under the statute, to a portion of the proceeds derived through litigation.

We have carefully reconsidered the grounds of the opinion in the *Henchey case,* and are not inclined to unsettle the rule thereby established. We are not convinced that the construction there given is not the proper one. It follows, that we hold that the plaintiff, as administratrix, had the power to settle and adjust the damages and control the disposition of the suit, and, having done so, must be bound thereby.

Finding no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*