John Tulka, Plaintiff in Error, v. Chicago City Railway Company et al., Defendants in Error.

Gen. No. 34,221.

Heard in the first division of this court for the first district at the April term, 1930. █ Opinion filed December 1, 1930.

HART E. BAKER, for plaintiff in error; GILBERT, ROMMEL, BURGER & BAKER, of counsel.

ALBERT B. DAVIS and HUBERT A. SMITH, for certain defendants in error; FRANK L. KRIETE, of counsel. MARSHALL E. GALLION, *Pro Se.*

MR. JUSTICE McSURELY delivered the opinion of the court.

This writ of error brings in review proceedings in the circuit court, in which an order was entered awarding Marshall E. Gallion, an attorney at law, a lien to the amount of $500 for attorney's fees under section 13, ch. 13, Illinois statutes, Cahill's St. ch. 13, ¶ 13.

There is no bill of exceptions, so we shall ignore what is said in the respective briefs about matters outside of the record before us.

May 13, 1927, a declaration was filed on behalf of John Tulka, by attorneys Reuben J. Feldman and S. H. Solomon, against the defendants, Street Railway companies, claiming damages from an accident alleged to be caused by defendants' negligence. A settlement was made, whereby defendants agreed to pay plaintiff $1,500, and January 28, 1929, the suit was dismissed. January 31, 1929, Marshall E. Gallion filed a petition which recites that he is a duly licensed attorney practicing in Chicago; that on or about December 1, 1926, he was employed by John Tulka to prosecute his claim against the Street Railway companies for damages on account of personal injuries received, and that it was agreed that the petitioner should receive one-third of any amount recovered by Tulka on account of said claim, and that shortly thereafter the petitioner filed with the said Street Railway companies a notice of an attorney's lien, as provided by statute.

The petition sets forth various activities on the part of petitioner with reference to the matter, but avers that Tulka became dissatisfied with the services of petitioner and without notice to petitioner procured another attorney and effected a settlement of his claim for $1,500, on which petitioner claimed he was entitled to a lien of $500. Petitioner asked that a hearing be had and that an order be entered finding that he was entitled to an attorney's fee on said $1,500 and that petitioner have and recover $500 from the Street Railway companies.

Upon the hearing the court found that it had jurisdiction of the subject matter and of the parties by service upon them of a notice of the hearing, together with a copy of the petition; that all the material allegations of the petition were true; that by the terms of his employment, petitioner was to receive an amount equal to one-third of any amount recovered by Tulka; that a notice of said employment and claim of lien of

one-third was served on the Railway companies; by reason whereof petitioner became entitled to a lien to the extent of one-third of any amount recovered; and that thereafter Tulka made a settlement with the Railway companies for $1,500; that petitioner has not been paid his share of said sum or any sum in payment for his services; and that he is entitled to a lien of one-third of $1,500 or $500. It was thereupon ordered that petitioner, Marshall E. Gallion, have a lien to this extent and that he recover from the Railway companies this amount and that he have execution therefor.

The validity of the order entered February 4, 1929, is attacked by Tulka only, first on the ground that there was not sufficient personal notice of the hearing given him. We do not determine whether the notice of the hearing or the petition must be preserved by a bill of exceptions, for we are of the opinion that the statute giving an attorney's lien, Cahill's St. ch. 13, ¶ 13, does not require that such notice be given to the plaintiff or claimant—in this case Tulka. The statute provides that the attorneys shall serve a notice in writing "upon the party against whom their clients may have such suits, claims or causes of action," claiming a lien, and that such lien shall attach to any verdict or to any money or property which may be recovered on account of such suits, claims or demands from and after the time of the service of such notice. With reference to the hearing it reads: "On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation."

The record shows service of the notice of the hearing on John Tulka and the Railway companies, but Tulka claims that it was only four days' service on him instead of five. A reading of the entire statute clearly indicates that the parties contemplated were the attorney or the client, on the one hand, and the

party against whom the client had a claim. The notice of lien shall be served "upon the party against whom the clients may have such suits, claims," etc. On petition filed by "such attorneys or their clients," the court shall on not less than five days' notice "to the adverse party," adjudicate the rights. Clearly, the adverse party means the party other than the attorney or the client, namely, the party against whom the client may have such suits, claims or demands.

This conclusion is fortified by the opinion in *Baker v. Baker,* 258 Ill. 418, where this statute is construed. The court said:

"In short, when the notice claiming a lien is served on the defendant or debtor under this statute, it has the effect of an assignment of an interest in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and is such an assignment that the defendant or debtor is bound to respect. This creates a new and substantial right in favor of the attorney and divests the client of substantial rights that he theretofore possessed."

This is also in line with the statement in 2 R. C. L., p. 1071, where it is said that such an agreement in favor of an attorney "will operate as an assignment of the cause of action to the extent of the amount stipulated," citing many cases. In the case of an assignment the assignor is not made a party in a suit to enforce the obligation of the debtor (section 18 of our Practice Act, Cahill's St. ch. 110, ¶ 18). The Attorney's Lien Act proceeds upon the same theory.

In *Standidge v. Chicago Rys. Co.,* 254 Ill. 524, where the validity of the act was upheld, it was said that, by the language of the act providing that upon five days' notice to the adverse party the court will adjudicate the rights and enforce such lien, the legislature intended to confer jurisdiction to enforce such lien upon law courts and indicates that the practice should be the same as in courts of equity.

The order recites that the court has jurisdiction of the subject matter and "of the parties" by service upon them of a notice of this hearing. The Railway companies do not question receiving notice nor the order of the court.

Counsel for Tulka asserts that the petition shows on its face that Gallion was not the attorney of record in the damage suit brought by Tulka. It was not necessary for him to be the attorney of record. The order found that he was employed by Tulka as an attorney to prosecute the claim for damages against the Railway companies and that he performed legal services for Tulka with reference to such claim. Whether or not he was the procuring cause of the settlement does not appear, in the absence of a bill of exceptions. A client cannot by discharging an attorney, except for good cause, deprive him of his lien. 6 C. J., p. 775 and cases cited; also *Standidge v. Chicago Rys. Co.*, 254 Ill. 524; *Sutton v. Chicago Rys. Co.*, 258 Ill. 551.

It should be remarked that we are passing only upon the record before us. There appears to be no sufficient reason to disturb the order of the court awarding Marshall E. Gallion a lien. If Gallion has not, in fact, rendered any services or there should be any other reasons which would make it unjust for him to retain the $500 in question, we see no reason why Tulka may not proceed against him to recover the same in a suitable action. We are not intimating anything with reference to the facts touching such services, for they are not before us.

For the reason above indicated the order of February 4, 1929, is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.