Joseph D. Ryan, Defendant in Error, v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, Plaintiff in Error.

**Gen. No. 34,344.**

Heard in the first division of this court for the first district at the June term, 1930. ▮▮▮▮ Opinion filed December 22, 1930.

M. L. BLUHM, C. L. TAYLOR and W. L. HUNTER, for plaintiff in error; C. S. JEFFERSON, of counsel.

EDMUND M. SINNOTT and JOSEPH D. RYAN, *Pro Se*, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error the defendant seeks to reverse a judgment of $2,500 in favor of plaintiff.

The record discloses that on April 5, 1929, Clifford Lawrence Dow, who was in the employ of the defendant Railroad Company as conductor of one of its trains, was killed and it was claimed by Julia Dow, his widow, that the railroad company was liable for wrongfully causing the death of her husband. On April 16, 1929, a friend took her to the office of plaintiff, a practicing lawyer in Chicago, and Ryan was retained to represent her. At that time Julia Dow signed a written document whereby she employed Ryan as her attorney to prose-

cute any suit or claim for damages she might have against the railroad company on account of her husband having been fatally injured while working for the railroad company, and in consideration of the services to be rendered by Ryan she agreed to pay him 33⅓ per cent of any amount she received. Ryan also signed the agreement, whereby he agreed to make no charge unless there was a recovery and to make no settlement without the consent of Mrs. Dow. Written near the bottom of the document and made a part of it was the following: ''In the event of settlement without trial, I agree to accept 25 per cent of amount recovered. JOSEPH D. RYAN.''

After the execution of this agreement Ryan began to investigate the facts in relation to Mrs. Dow's claim, and on April 27, he served notice on the railroad company of his claim for attorney's lien under the statute. In the meantime he had procured the appointment of Mrs. Dow as administratrix of the estate of her deceased husband, and after her appointment she wrote on the document of April 16 after her name the word ''administratrix.'' It further appears that shortly after April 16, Mrs. Dow took up with the railroad company direct the matter of the settlement of her claim and reached an agreement whereby the railroad company was to pay her $10,000 in full of all claims. She signed a release which stated that in consideration of the $10,000 she released the railroad company from all claims and demands. This is signed by Mrs. Dow as administratrix and by herself individually and bears date April 26, 1929. On the back of the document is a check of defendant, payable to Julia Dow, administratrix, for $10,000, dated April 29; the evidence shows the check was delivered to Mrs. Dow on April 29 but was not deposited in the bank until May 11 following.

The evidence further shows that on April 26, Mrs. Dow telephoned Ryan's office and advised him she was

settling her claim. Ryan was out of the city but upon his return April 27, he took the matter up with another attorney who was then representing Mrs. Dow, and advised him of the contract he had with Mrs. Dow. It is agreed that the railroad company knew of Ryan's claim for attorney's fees on April 27, 1929. Ryan filed his petition in the case asking for a lien; the matter was heard before the court and the judgment entered in Ryan's favor for $2,500, being 25 per cent of the $10,000; as stated, the railroad company prosecutes this writ of error.

Defendant contends that the judgment is wrong and should be reversed because it made its settlement with Mrs. Dow on April 26, which was before it received notice from Ryan that he had been retained in the case as attorney for Mrs. Dow. There is evidence to the effect that the defendant had reached an agreement with Mrs. Dow on April 26, and that it had not been notified of Ryan's claim until the next day; but there is also evidence to the effect that the settlement was not consummated until April 29 when defendant gave its check to Mrs. Dow.

We think we would not be warranted in disturbing the finding of the court in favor of Ryan, as we are not authorized to do so unless we are of the opinion that the finding of the trial judge is against the manifest weight of the evidence. This we are unable to say.

Defendant further contends that the contract entered into between Ryan and Mrs. Dow was not binding for the reason that Mrs. Dow individually had no right to enter into such contract because the right of action was in the personal representative of the estate of her deceased husband, and that although Mrs. Dow, after her appointment as administratrix, signed the contract as administratrix, as above stated, yet she had no right, as administratrix, to settle the claim without authority from the probate court. In support of this contention chief reliance is placed by counsel for the

defendant on the case of *Mercer v. Chicago City Ry. Co.*, 174 Ill. App. 234, cited and discussed by counsel for defendant in their opening brief, but no reference is made to it by counsel for Ryan in their brief, who cite and chiefly rely upon *Washington v. Louisville & N. Ry. Co.*, 136 Ill. 49; *American Car & Foundry Co. v. Anderson*, 211 Fed. 301; and *Mattoon Gas Light & Coke Co. v. Dolan*, 105 Ill. App. 1. No reference to these cases is made by counsel for defendant in their reply brief.

In the *Mercer* case, suit was brought by an administratrix of the deceased against the Street Railway Company for wrongfully causing the death of the deceased and there was a judgment in plaintiff's favor, which the Street Railway Company afterwards settled with the plaintiff. The plaintiff's attorney then filed a petition setting up his employment, etc., and claiming a lien against the fund in plaintiff's hands in accordance with the statute, pursuant to a notice he had given. The court there pointed out the provision of the attorney's lien and said (p. 237): "That the *defendant* from whom the fund is recovered may be required to account to the attorney if his rights are ignored after notice thereof was held in *Standidge v. Chicago Railways Co.*, 254 Ill. 524. But the question here involved was not raised or discussed in that case. The lien here sought is against the plaintiff, who sued as administrator." The court then discusses the provisions of the Attorney's Lien Act, Cahill's St. ch. 13, ¶ 13, and said the administrator had no such authority over funds in his hands as would enable him to charge such funds or property by *his* contracts; that if such contracts were made they merely created a liability against him individually and not as administrator. The court then said (p. 238): "Since, therefore, neither the cause of action for which the suit was brought, nor the money recovered, belonged to

Mercer personally, but to Mercer as administrator, and since Mercer, as such administrator, had no power to charge any funds or property in his hands as administrator with the payment of attorneys' fees, it follows that Mercer's contract with Case (the attorney) imposed no liability upon Mercer, as administrator, and therefore no lien attached to the money paid in settlement of the suit as against such administrator.''

In the *Washington* case (136 Ill. 49), suit was brought by the administratrix to recover damages for the benefit of the widow and next of kin for wrongfully causing the death of her intestate. Judgment was entered in her favor for $200 in accordance with an agreement filed properly entitled in the cause and signed by plaintiff as administratrix and by herself in her individual capacity. It was contended on behalf of the administratrix that she had no power to make a binding agreement for the settlement of the case; that before she could be authorized to make such a settlement she must secure an order from the probate court. In passing on this question the court said (p. 56): ''We are of opinion that the statute referred to can have no application in cases of this sort. The recovery, here, was for the benefit, exclusively, of the widow and next of kin of the deceased person. The section of the statute referred to, requires the administrator to secure an order of the probate court authorizing him to settle or compound *claims due* the estate; and it is manifest, we think, that the claim here sought to be recovered was not a *claim due* the estate, within the meaning of this section. It is impossible that the estate should have derived any benefit whatever by a recovery in this case. True it is that the administrator would be required to account to the widow and heir, but in no legal or proper sense to the estate of the decedent.

"This precise question was before this court in the case of *Henchey, admx. v. City of Chicago,* 41 Ill. 136, and the construction there given to the statute, authorizing recoveries in cases of this sort, has for very nearly a quarter of a century been accepted as the law. In that case a stipulation was filed in the absence of the plaintiff or her attorney, and the judgment of the court rendered thereon. It was sought, subsequently, to set aside that judgment upon the same grounds here insisted upon. In that case, after disposing of the other grounds upon which it was alleged the judgment should have been set aside, we said: 'Neither can we agree with appellant's counsel in the position that the plaintiff had no power to make the stipulation by which the suit was dismissed. The statute vested in her, as administratrix, the right of action, and the legal title to whatever damages were recoverable. This, of necessity, gave her the legal right to control the prosecution and disposition of the suit. Whether the children, who, with herself, were interested in the distribution of whatever damages might have been recovered, can call her to account for any error of judgment she may have committed in making the settlement, is to be decided when they make the attempt.' '' And the court held that the agreement made by the administratrix was binding.

In the *Dolan* case (105 Ill. App. 1), it was held that the administratrix, who was the sole beneficiary of the suit, had authority to settle a claim for damages on account of the death of the administratrix' intestate. In that case the administratrix recovered a judgment of $1,000 for the wrongful death of her intestate, and on appeal this court said (p. 3): "Appellant (defendant) offered in evidence an instrument of writing, proved to have been executed by the widow, by which she acknowledged the receipt of $200, paid her by the appellant, in consideration of which she thereby re-

leased appellant from the cause of action incident upon her husband's death." The court held this agreement was binding and reversed the judgment.

In the instant case the administratrix, Mrs. Dow, is sole surviving beneficiary of the deceased and under the law as announced in the *Washington* and *Dolan* cases, *supra,* we hold that the contract entered into between Mrs. Dow individually, and as administratrix, with Ryan, was binding and valid.

The defendant further contends that the notice served by Ryan on it, claiming an attorney's lien, did not correctly disclose his interest, and therefore was not in compliance with the statute. The argument is that the contract entered into between Ryan and Mrs. Dow provided that Ryan was to receive 33⅓ per cent of any amount she received from defendant, for the services which were to be rendered by him, except that if the settlement was made without suit Ryan was to receive but 25 per cent, while the notice served upon defendant by Ryan stated that under his contract with Mrs. Dow he was to receive a sum equal to one-third of any amount recovered. There is no contention but that Ryan acted in perfect good faith when he served the notice on the defendant stating he was to receive one-third of any amount recovered, and in these circumstances the variance, if any, being in favor of the defendant, the lien ought not to be held invalid.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.