Theodore H. Schlake and George Yellen, Plaintiffs-Appellants, v. Lumbermens Mutual Casualty Company, a corporation, Atlas Sheet Metal Corporation, also known as Atlas Sheet Metal Works, Inc., a corporation, Defendants-Appellees.

**Gen. No. 47,803.**

First District, Second Division.

April 5, 1960.

Rehearing denied May 17, 1960.

Theodore H. Schlake and George Yellen, of Chicago, pro se.

Peterson, Lowry, Rall, Barber, and Ross, of Chicago (A. R. Peterson, Harold W. Huff, and James C. Hormel, of counsel) for appellees.

JUSTICE BURMAN delivered the opinion of the court.

Plaintiffs seek to recover fees under the Illinois Attorney's Lien Act. After a trial, judgment was entered for defendants. Plaintiffs appeal.

Sophie Fischer was injured September 23, 1952, while an employee of Corn Products Refining Com-

pany. She retained George E. Sankstone and George Yellen as her attorneys. In the course of representing her, Attorney Yellen engaged the New York law firm of Schlossberg and Siegal. Miss Fischer was dissatisfied with this New York firm and on Sankstone's recommendation the New York firm of Young, Balbach, Tilford and Lewis, which will hereafter be referred to as "Young," was employed in lieu of Schlossberg and Siegal. An agreement was made to pay the latter firm five percent of the recovery. Miss Fischer employed plaintiff, Attorney Schlake, in lieu of Sankstone.

Miss Fischer had agreed to pay Attorneys Yellen and Sankstone fifty percent of whatever might be recovered by suit plus any necessary moneys expended in her personal injury action against Atlas Sheet Metal Corporation, a New York corporation. She agreed after employing Schlake to substitute him to Sankstone's rights under the contract.

Plaintiffs tried the suit in New York and recovered a verdict and judgment in Miss Fischer's favor for $12,500 against the Atlas Company. Yellen negotiated a settlement for $10,000 with Lumbermens Mutual Casualty Company, the insurance carrier for Atlas and after releases were signed by Miss Fischer she changed her mind about the settlement and discharged Yellen as her attorney. Despite service upon Atlas of Attorney's lien by plaintiffs, Lumbermens settled the Fischer judgment for $10,000 and at the direction of "Young," Lumbermens issued its check for $1048 to the Hartford Accident Indemnity Company, the Illinois Workmens' Compensation insurer, which had paid Miss Fischer's compensation claim and was subrogated to her rights in the suit against Atlas Company. A check for $8952 was issued to Sophie Fischer and "Young," and the judgment against Atlas Company was satisfied of

record. The Young firm then forwarded to Attorneys Yellen and Sankstone a check for $1750.

Plaintiffs' instant suit was for $5,000 being the fifty percent to which they were entitled under the contract with Miss Fischer and an additional $1275 for expenses and costs. The court without a jury found for defendants.

The first knowledge that Yellen and Schlake had that the parties had consummated a settlement for $10,000, was when they saw a letter addressed to George E. Sankstone from "Young," advising that a fee of $4,000 was charged and that out of this sum Schlossberg & Siegal were paid $500, stating, "we deem it reasonable to split the fee and accordingly enclose check to the order of you and Mr. Yellen in the sum of $1750.00. The enclosure at long last concludes this matter. In accordance with your prior instructions, we have sent Miss Fischer's proceeds of settlement direct to her."

Yellen testified that he is entitled to $2500 plus $225 for expenses incurred, totalling $2725; Schlake testified that he is entitled to $2500 plus $1050 for expenses, totalling $3550; after giving defendants certain credits Yellen reduced his claim to $1750 and Schlake reduced his claim to $3400.

The only question before the trial court in the instant suit was an adjudication of the claims for attorneys' liens. It was the court's duty to allocate to each of the attorneys that portion of $10,000 to which they were entitled, in order to ascertain the amount of fees that would be due Yellen and Schlake. While the trial was in progress a stipulation was entered into between Yellen, Schlake, Sankstone, and Young's firm, whereby they agreed upon a distribution of the fee retained by Young's firm. The stipulation reciting that "Schlake will accept . . . $150.00 . . . Yellen will accept . . . $975.00 . . . Sankstone will accept . . . $750.00 . . . [upon the execution of] covenants not to sue. . . ."

As a result of this stipulation Sankstone and Young's firm were dismissed out of the proceedings. The net change resulting from the stipulation was an additional payment of $125 by Young's firm.

■■ The evidence clearly establishes that the defendants were properly served with notice of attorney's lien as required by Illinois Revised Statutes 1959, Chapter 13, Section 14. The purpose of the act is to assist attorneys in collecting their fees. (Brazil v. City of Chicago, 315 Ill. App. 436.) The remedy afforded attorneys by the Lien Act is purely statutory and the courts have held that the Act must be strictly construed. (Mason v. Papadopulos, 12 Ill.App.2d 140; Cazalet v. Cazalet, 322 Ill. App. 105.) Lumbermens' attorney represented Atlas at the trial as required by their insurance policy and was aware of the services rendered by Yellen and Schlake. It is equally clear that the defendants at their peril failed to include the names of Yellen and Schlake as additional payees in the settlement check, or in the alternative failed to retain sufficient funds from the amount of settlement to satisfy the attorney's liens for their fees. See Sutton v. Chicago Railways Co., 258 Ill. 551.

■ ■ The defendants contend that once the stipulation for disposition of fees was entered into by Yellen and Schlake during the trial nothing remained for the court to do. They argue that by their stipulation Yellen and Schlake concluded the matter of fees. We cannot agree with this contention. We are of the opinion that a reasonable fee in this case is to be determined, like other fact questions, by the weight of the evidence. (Lamar Insurance Company v. Pennell, 19 Ill. App. 212.) Private settlement between plaintiffs' attorneys does not estop plaintiffs from enforcing their lien against defendants. Defendants further argue that the New York attorneys, who were the attorneys of record, were payees of the settlement check which is full compliance with Section 14 and disproves

198

the contention that there was a secret and collusive settlement. In Tulka v. Chicago City Ry. Co., 259 Ill. App. 234, this court held it is not necessary that an attorney be the attorney of record to entitle him to a lien. We can only conclude that the defendants should have gone one step further and included in the check Yellen and Schlake who they knew were the only trial lawyers.

The only question presented is what amount under these circumstances are the plaintiffs entitled to recover. For the purpose of a better understanding of the problem we have recapitulated some of the facts and figures involved in these proceedings.

The $10,000 settlement was apportioned by "Young" in the following manner:

Hartford Ins. Co. (per previous agreement)..$1,048.00
Legal fees:

    Young, Balbach, Tilford & Lewis retained $4,000.00 from the proceeds of the settlement. They distributed $500.00 to Schlossberg & Siegal and divided the remaining $3,500.00 equally between their firm ($1,750.00) and Yellen and Sankstone ($1,750.00). Later Young's firm paid out an additional $125.00 pursuant to a stipulation made during the trial. The redistribution is as follows:

George Yellen ........$975.00
George Sankstone .... 750.00
Theodore Schlake ..... 150.00
                        ——————
                        $1,875.00

| | |
|---|---|
| Schlossberg & Siegal.......... | 500.00 |
| Young, Balbach, Tilford & Lewis .................... | 1,625.00 |
| Total Legal Fees............... | 4,000.00 |
| Net proceeds to Miss Fischer ............ | 4,952.00 |
| | $10,000.00 |

■ ■ The law will not allow the entire recovery to be consumed by fees. Yellen and Schlake contracted for contingent fees. It is unfortunate for them that so many attorneys participated with them in the distribution of fees. The amount recovered is insufficient to pay plaintiffs for all of their services and costs. We are of the opinion that the total attorneys' fees for all the lawyers to be allowed under all circumstances is Five Thousand Dollars. The defendants are entitled to a credit for Four Thousand Dollars since this sum was distributed for fees and approved by Yellen and Schlake.

For the reasons given the judgment is reversed and the cause remanded with directions to enter a judgment in favor of plaintiffs and against the defendants for One Thousand Dollars.

Reversed and remanded with directions.

MURPHY, P. J. and KILEY, J., concur.